SESSIONS *v.* GOULD and others.

(*Circuit Court, D. New Jersey.* November 20, 1885.)

PATENTS FOR INVENTIONS—NOVELTY—INFRINGEMENT.
 Patent No. 108,300, dated October 11, 1870, for an improvement in trunk-rollers, if valid, is not infringed by defendants when properly construed.

In Equity.
*Mitchell & Hungerford,* for complainant.
*Briesen & Steele,* for defendants.

NIXON, J. The bill of complaint alleges infringement of certain letters patent No. 108,300, dated October 11, 1870, for an improvement in trunk-rollers, and owned by complainant as assignee for one Albert J. Sessions, the inventor.

The answer sets up various defenses; but, after a careful consideration of the state of the art at the date of complainant's patent, I think the only defenses that demanded serious thought are (1) that Albert J. Sessions was not the original and first inventor of any material and substantial part of the thing patented; and (2) that the defendants are not infringers. It is not necessary for me to express an opinion on the first of these defenses in the present suit, because, if decided in favor of the complainant, I must give such a narrow construction to the scope of his patent that the defendants cannot be held to infringe. The inventor in his specification says that his invention consists of forming a trunk-roller frame from a square sheet-metal blank, having four short diagonal incisions in the edges of the same, between which incisions two opposite corners of the blank are turned up to form the ears. His method is quite simple. He first cuts the metal into square blocks, slightly rounds the four corners, and punches a hole in each corner. The blank is then placed in the forming dies specially made for the purpose, which, as they close or meet, make four incisions diagonally with the blank. The corners of the blank between those incisions are then bent up at right angles to the rest of the plate, thus forming the ears. The usual cast-metal rollers are then secured between the ears by a pin, as in ordinary trunk-rollers. He claims, as his invention, "the herein described trunk-roller, the frame of which is formed from a square sheet-metal blank, cut or incised at the junction of the plate, A, and ears, B B; said ears being bent up from two opposite corners, so as to leave the points, *c c c c,* substantially as described."

As trunk-rollers were old, and as this patent only claims to be an improvement on existing rollers, it is quite clear that the proper interpretation of the claim is the described mechanism or mode of forming the frame to hold the rollers. The complainant takes pains to show that before the invention claimed in his patent trunk-rollers were framed by taking a square piece of metal blank, turning up two opposite corners for ears or lugs between, and in which the roller is suspended on an axle, and fastening the ends or corners of the plate not turned up to the trunk with screws or other proper devices. Such rollers, however, were imperfect and unsatisfactory, being liable to turn, and to be torn off, on account of the narrowness of the base of the plate by which the roller was attached to the bottom of the trunk. If there is any merit or novelty in the complainant's patent, it arises from the additional strength and stability imparted to the frame of the roller by the diagonal incisions into the plate for the formation of the ears, which leaves the metal on the outside of the incisions to project laterally from the base plate at the foot of the ears. Possibly the complainant's patent may be sustained by limiting it to the specific method of forming the frame, which the inventor reveals in his specifications and claims in his patent. Under this strict construction, only those roller-frames infringe which have diagonal incisions in the plate, and the opposite corners of a square turned up. The defendant's trunk-roller is produced from blanks in which the incisions are not diagonal, nor the *opposite* corners turned up; but, using a rectangular rather than a square blank, they make their incisions in lines parallel with the longer sides of the rectangle. Such roller-frames are not new. They are indicated in a number of patents antedating the complainant's patent; notably, in letters patent to Stephen Chamberlain, No. 70,957, dated November 19, 1867, and in letters patent to Harlow & Perry, No. 65,077, dated May 28, 1867. The weight of the evidence also shows that roller-frames of substantially the same character were in use in Philadelphia several years before 1870, the year in which complainant's patent was issued.

Since a double use is still forbidden, it is no longer a reply to those proofs of the state of the art to say, as complainant's expert seems to suggest, that roller-frames and rollers, thus constructed, were not made or used for castors in trunks. If the complainant's patent is sustained, no infringement is shown, and the bill of complaint must be dismissed, with costs.